UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HESHAM MAGDI AHMED SALAH EL DEAN,<br><br>           Plaintiff,<br><br>     v.<br><br>LANGE, KIM & DOWELL, LLP, *et al.*,<br><br>           Defendants. | Case No. 25-cv-2634 (JMC) |

## MEMORANDUM OPINION

Plaintiff Hesham Magdi Ahmed Salah El Dean filed a complaint alleging legal malpractice based on an attorney-client relationship in a prior case. ECF 1. Defendants Nancy Kim and Lange, Kim & Dowell LLP filed a motion to dismiss on November 5, 2025. ECF 5. Because Plaintiff is appearing pro se, the Court entered a *Fox* order directing Plaintiff to respond to that motion by December 12, 2025. ECF 6; *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam) (requiring district court to inform a pro se plaintiff that "failure to respond . . . may result in the district court granting the motion and dismissing the case"). The Court warned Plaintiff that failure to respond could result in the Court deeming the matter conceded. ECF 6 at 2. Because the deadline for responding to Defendants' motion to dismiss passed 41 days ago, and because the Court also agrees that Plaintiff has failed to state any viable claim, the Court will treat the motion as conceded and **GRANT** Defendants' motion to dismiss.[1]

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

### I.   ANALYSIS

#### A. Local Civil Rule 7(b)

Under Local Civil Rule 7(b), an opposing party must "serve and file a memorandum of points and authorities in opposition" to any motion within 14 days of the date of service. LCvR 7(b). If no memorandum is filed within that time, the Court "may treat the motion as conceded." *Id*. The D.C. Circuit has affirmed the application of Rule 7(b) to motions to dismiss when plaintiffs fail to respond. *See Cohen v. Board of Trustees of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 481 (D.C. Cir. 2016). The Court thus grants Defendants' motion to dismiss as conceded because Plaintiff "has failed to make any response." *Woodhouse v. Ayfi Grp.*, No. 22-cv-1834, 2022 WL 22625187 (D.D.C. Nov. 21, 2022).

#### B. Failure to State a Claim Under Rule 12(b)(6)

Because the D.C. Circuit has expressed some concern about the interaction between Local Civil Rule 7(b) and Federal Rule of Civil Procedure 12(b)(6), alternatively, the Court also agrees with Defendants that Plaintiff's complaint fails to state a claim on the merits and should be dismissed under Rule 12(b)(6).[2]

For a Rule 12(b)(6) motion for failure to state a claim, the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is pro se, the Court will "liberally construe[ ]" his filing. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "even a pro se plaintiff must comply with the Federal Rules of Civil Procedure and this Court's

---

[2] The Circuit has noted that "[t]o the extent that [Local Rule 7(b)] allows a district court to treat an unopposed motion to dismiss as conceded, Local Rule 7(b) effectively places the burden of persuasion on the non-moving party: when he fails to respond, he loses. But Federal Rule 12(b)(6) places this burden on the moving party." *Cohen*, 819 F.3d at 481. While the D.C. Circuit has "yet to wrestle with th[is] tension," "most circuits that have considered the application of similar local rules in this context prohibit district courts from granting a motion to dismiss solely because the plaintiff failed to respond." *Id*.

2

local rules." *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016). Plaintiff's complaint alleges that Defendants engaged in "legal malpractice" by "not including important facts" in a 2022 lawsuit for "breach of contract." ECF 1 at 1. Plaintiff argues that "[b]ut for defendants, Plaintiff would have won his case," and asks the Court for "additional time to improve this complaint to be tried by Jury." *Id*.

In the District of Columbia, a plaintiff seeking to assert a legal malpractice claim must allege facts supporting three elements: "(1) that there is an attorney-client relationship; (2) that the attorney neglected a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of a loss to the client." *Chase v. Gilbert*, 499 A.2d 1203, 1211 (D.C. 1985). As Defendants note in their motion to dismiss, Plaintiff's complaint contains barely more than the two sentences the Court has quoted above and "provide[s] no facts to support the essential elements of a legal malpractice claim." ECF 5-1 at 3. For example, the complaint does not specify what "important facts" were missing from the prior lawsuit, or even what filings are at issue. ECF 1. The complaint also does not explain how the failure to include those facts led Plaintiff to lose that prior case. *Id*. Because Plaintiff's complaint does not contain "sufficient factual matter" to state a plausible claim for legal malpractice, *Ashcroft*, 556 U.S. at 678, the Court also finds that the complaint can be dismissed under Rule 12(b)(6). For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim, ECF 5, is **GRANTED**, and as a result Plaintiff's complaint, ECF 1, is **DISMISSED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: January 22, 2026